PEOPLE *v* TRAVIER

1. CRIMINAL LAW—EVIDENCE—MUG SHOTS—FOUNDATION.

    A proper foundation was laid for the admission of mug shots, including one of the defendant which had been shown to the complainants for identification purposes, where the police officer who had made the composite testified that the composite at trial was the one he had shown to the complainants and the complainants testified that the composite was the one from which they had originally identified the defendant.

2. EVIDENCE—ADMISSIBILITY—APPEAL AND ERROR—PRESERVING QUESTION.

    The question whether photographs were inadmissible because immaterial was not preserved for appeal where the defendant had objected to the photographs' admission because of no foundation, not materiality.

3. EVIDENCE—PHOTOGRAPHS—ADMISSIBILITY—PREJUDICIAL EFFECT.

    Photographs are admissible to corroborate the testimony of witnesses; however, in cases where the photographic evidence is of a potentially prejudicial nature, it is admissible only if its probative value outweighs its possible prejudicial effect.

4. CRIMINAL LAW—EVIDENCE—MUG SHOTS—ADMISSIBILITY.

    Mug shots of a defendant even with the identification number and height markers taped out usually should not be shown to the jury.

5. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.

    Admitting mug shots of the defendant was not improper where the court did its best to disguise the portions of the pictures

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 29 Am Jur 2d, Evidence § 788.
  Authentication or verification of photograph as basis of introduction in evidence. 9 ALR2d 899.
[2, 5] 29 Am Jur 2d, Evidence §§ 785, 786, 788.
[3] 29 Am Jur 2d, Evidence §§ 787, 790, 792.

making them recognizable as mug shots and defense counsel had made an issue of a witness's ability to recognize the defendant from the picture he was shown by the police, because the photographs tended to corroborate the witness's description of his assailant and established the fact that the photos were a good likeness of the defendant.

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 March 8, 1972, at Grand Rapids. (Docket No. 11440.) Decided March 24, 1972. Leave to appeal applied for.

Walter Lee Travier, Jr., was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *John A. Smietanka,* Assistant Prosecuting Attorney, for the people.

*Rodger V. Bittner,* for defendant on appeal.

Before: T. M. BURNS, P. J., and FITZGERALD and DANHOF, JJ.

T. M. BURNS, P. J. Defendant was tried by a jury and convicted on a charge of armed robbery, a violation of MCLA 750.529; MSA 28.797. He received a sentence of life imprisonment.

On the evening of October 8, 1970, Clifford Joiner and Jerry Cockrun were on duty as service station attendants at Leo's Citgo Station in Benton Township, Berrien County. About 8:45 p.m., a man entered the office area of the station where the two men were located and asked if he could obtain potato chips. He was told that there was only a candy machine on the premises.

The man then walked into the garage area where the candy machine was located. One to two minutes

later, he suddenly reappeared with a gun in his hand and announced a holdup. He forced Clifford Joiner to surrender the contents of a cash drawer and then took $210 from the person of Clifford Joiner. Both Clifford Joiner and Jerry Cockrun identified defendant as the robber.

At trial the prosecution introduced into evidence a composite of mug shots (including defendant's picture) from which Clifford Joiner and Jerry Cockrun had made their initial identification of defendant. Defense counsel objected to the admission of the exhibit because no adequate foundation had been laid and because the prejudicial effect of the evidence far outweighed its probative value.

After extended argument, the trial court concluded that the composite of pictures without the picture of defendant would be admitted into evidence but would not go to the jury. The mug shot of the defendant which was identified by both witnesses as a picture of the robber from which they had initially identified defendant was admitted separately and submitted to the jury. The court did, however, order the height markers and police identification number on the photographs taped so they could not be seen by the jury.

Defendant first contends that the prosecution failed to lay an adequate foundation and, therefore, the trial court should not have admitted the exhibit into evidence.

Police officer Charles Brooks testified that he made up a composite of five pictures from his criminal files. A composite was presented at trial and was identified as the one which he had shown to Jerry Cockrun and Clifford Joiner. Both Cockrun and Joiner testified at trial that the composite was the one from which they had initially identified the defendant as being the robber.

The above establishes that an adequate foundation was laid by the prosecution. Defendant, in his brief, argues that the photographs were not material. However, defendant did not object to the introduction of the exhibit because it was immaterial, but rather because no foundation was laid. Therefore, since any question of materiality was not preserved for appeal and the foundation question was not briefed, we will not discuss the issue.

Defendant next contends that because of the potential prejudice, it was error for the trial court to allow the jury to see a mug shot of the defendant.

It is defendant's position that the tape used to block out the identification number and height markers was insufficient to prevent the jury from recognizing the pictures as mug shots of the defendant.

Photographs are admissible to corroborate the testimony of witnesses. *People* v *Carey,* 125 Mich 535 (1901).

However, in cases where the photographic evidence is of a potentially prejudicial nature, it is admissible only if its probative value outweighs its possible prejudicial effect. *People* v *Phillips,* 20 Mich App 103 (1969).

During cross-examination of Clifford Joiner, defense counsel asked the witness if he had been shown photographs of the defendant. He also asked Mr. Joiner how many photographs he had been shown. Counsel then asked the witness if the robber had a beard at the time of the holdup and whether defendant had a beard in the picture he had been shown by the police. Only after all of the above questions had been asked for purposes of casting doubt on the witness's identification, were the pictures offered as evidence by the people.

We are of the opinion that it would be better if the jury was not allowed to see mug shots of the defendant. However, where, as here, defense counsel has made an issue of the witness's ability to recognize the defendant from the picture he was shown by the police, it was not improper for the trial court to admit the photos. The evidence would tend to corroborate the witness's description of the robber and establish the fact that the photos were a good likeness of the defendant. The court did its best to disguise the portions of the pictures making them recognizable as mug shots. We find no error in the admission of the exhibits. *People* v *Becker*, 300 Mich 562 (1942).

Affirmed.

All concurred.